IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR DRAGO and KATHY DRAGO,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )  **CIVIL ACTION NO 07-0430-KD-B** |
| | ) |
| **HOLIDAY ISLE, L.L.C. and THE** | ) |
| **MITCHELL COMPANY, INC., its** | ) |
| **manager and sole member,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on plaintiffs' "Motion for Immediate Relief" (Doc. 11) filed August 30, 2007; plaintiffs' "Motion to Amend Complaint" (Doc. 12), filed August 30, 2007; defendant Holiday Isle's combined objection to plaintiffs' motions (Doc. 14), filed September 5, 2007,  and plaintiffs' brief addressing jurisdiction (Doc. 15), filed September 5, 2007.[1]

## I.    BACKGROUND

On March 2, 2005, plaintiffs Arthur Drago and Kathy Drago ("Dragos") entered into a Preconstruction and Escrow Agreement ("purchase agreement") with Holiday Isle for Unit 310 in the Holiday Isle condominium complex to be constructed on Dauphin Island, Alabama.  As an earnest money deposit on the unit, the Dragos signed a Letter of Credit ("LOC") with Regions Bank for the sum of $94,000.00.

---

[1] By order dated September 4, 2007, the undersigned directed the parties to file concurrent briefs addressing whether this Court had jurisdiction to entertain a motion for injunctive relief in an action that had been stayed for arbitration.  (Doc. 13) Within their response, the Dragos now move the Court to lift the stay that was entered in this action on July 25, 2007.  (Doc. 10)

1

The Dragos contend that on April 23, 2007, they rescinded their purchase agreement with Holiday Isle, on the grounds that the agreement was voidable for violations of the Interstate Land Sales Full Disclosure Act. ("ILFSDA")

On or about June 14, 2007, the Dragos filed a complaint in this Court alleging that Holiday Isle refused to honor the rescission of the purchase agreement and cancel the LOC and requesting, among other relief, that the Court order Holiday Isle to return the LOC.  (Doc. 1)

On July 9, 2007 the defendants sought an order from this Court compelling the plaintiffs to participate in arbitration to resolve the contract dispute related to the development and preconstruction sale/purchase of a condominium unit and to dismiss or stay this case pending a resolution in arbitration.  (Doc. 6)  Plaintiffs voiced no opposition (Doc. 9) and on July 25, 2007 the Court entered an order granting the motion to compel arbitration and staying the action pending the completion of the arbitration.  (Doc. 10)   The parties represent that an arbitrator was agreed upon. (Doc. 15 at 3) [2]

On August 30, 2007 plaintiffs filed the instant motion for immediate injunctive relief against defendant Holiday Isle.  (Doc. 11)  Plaintiffs maintain that the motion was precipitated by a call on August 28, 2007 from a representative of Regions Bank advising them that defendant Holiday Isle, L.L.C. had called in the letter of credit and that Regions had agreed.[3]  Contemporaneously with the motion for injunctive relief, plaintiffs filed a motion to amend the complaint seeking to add Regions Bank as a defendant in this action.  (Doc. 12)   Both motions have been fully briefed and are now ripe for this Court's consideration.

---

[2]  However, plaintiffs contend that "the parties have yet to determine whether they will use the American Arbitration Association rules for commercial disputes...or some alternative." (Doc. 15 at 3)

[3] Defendant concedes that it "cashed Plaintiffs' letter of credit for liquidated damages as provided in the contract" due to plaintiffs' failure to close on the property.  (Doc. 14 at 5) It is unclear whether any of the monies have been distributed to third parties.

II.    **DISCUSSION**

*Motion for Immediate Relief*

Plaintiffs move the Court for an order "restraining Holiday Isle, LLC ("Holiday Isle ") from calling in a Letter of Credit ("LOC") or, if the LOC has been called in, from further disbursing the funds represented by the LOC." (Doc. 12)   In opposition defendant argues, in sum, that the relief plaintiffs seek is inappropriate. (Doc. 14 at 3) Specifically, defendant contends that the Alabama Supreme Court has "routinely held" that a temporary restraining order or preliminary injunction is inappropriate for preventing the drawing of a letter of credit. (Id.) Before the Court reaches this issue, however, it must first examine whether it has jurisdiction to entertain a motion for injunctive relief in an action that has been stayed pending arbitration.

Upon plaintiffs' filing of the motion for injunctive relief, the undersigned directed the parties to brief the issue of whether this Court has jurisdiction to entertain plaintiffs' motion in an action that has been stayed for arbitration.  Plaintiffs maintain that while this case was stayed pending arbitration, the action was not dismissed, and therefore, the Court retains jurisdiction. (Doc. 15 at 2)          To the contrary, defendant argues that the Court lacks jurisdiction to issue an injunction as this case has been stayed for over a month pending arbitration. (Doc. 14 at 1)  In support defendants rely, in large part, on a decision out of the Eighth Circuit Court of Appeals. Manion v. Nagin, 255 F.3d 535, 538-39 (8th Cir. 2001).  In Manion the Eight Circuit held that in cases implicating the Federal Arbitration Act, "courts should not grant injunctive relief unless there is qualifying contractual language which permits it"); *accord* Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999) (affirming lower court's denial of preliminary injunction because all of plaintiff's claims were arbitrable and arbitral panel was authorized to grant provisional remedies, such that preliminary injunction by district court would have been inappropriate).

The position espoused by the Nagin court appears to be a minority view.  The majority of federal courts to rule on the question have concluded that in limited situations a binding arbitration

clause does not bar a plaintiff from seeking emergency injunctive relief or other provisional remedies in court.  See, e.g., Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1380 (6th Cir. 1995) (concluding that district court erred as a matter of law when it concluded that it could not enter preliminary injunctive relief because the parties' dispute was the subject of mandatory arbitration); Merrill Lynch, Pierce, Fenner & Smith v. Salvano, 999 F.2d 211, 214 (7th Cir. 1993) ("the weight of federal appellate authority recognizes some equitable power on the part of the district court to issue preliminary injunctive relief in disputes that are ultimately to be resolved by an arbitration panel"); Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3rd Cir. 1989) ("we hold that a district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied").  Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1052 (4th Cir.1985) (A district court has jurisdiction to preserve the status quo pending the arbitration of the parties' dispute if the enjoined conduct would render the arbitration process a "hollow formality", i.e."the arbitral award when rendered could not return the parties substantially to the status quo ante.")

While not specifically on point, the Eleventh Circuit has indicated that jurisdiction exists to grant equitable relief in a case subject to arbitration.  See Sterling v. Hammer 393 F.3d 1223, 1225 (11th Cir. 2004)("District court properly enjoined arbitration in Houston, Texas and compelled arbitration in Boca Raton, Florida.") However, Sterling involved a situation where the court enjoined conduct (arbitration in the wrong venue) that was clearly in contradiction to the arbitration agreement.  The Eleventh Circuit has not spoken directly to the issue of whether jurisdiction exists to grant a preliminary injunction to preserve the status quo pending arbitration.

In consideration of the cases cited above, the Court finds that there are instances in which this court has jurisdiction to grant equitable relief in cases subject to arbitration.  Moreover, the court adopts the reasoning espoused in Bradley, i.e. that equitable relief to preserve the status quo is appropriate only where an arbitral award could not return the parties substantially to the status quo.

4

<u>Bradley</u> at 1052.

The analysis of whether an arbitral award could return the parties substantially to the status quo would appear to be identical or at least very similar to the analysis of irreparable harm, at least as applied to the facts of this case.  As explained below plaintiffs have failed to show irreparable harm, thus, they have failed to show that the status quo ante could not be achieved.

The Dragos maintain they will suffer immediate and irreparable harm if the money represented by the LOC ($94,000.00) is disbursed or is not immediately returned.  First, the Dragos argue, generally, that their credit standing and reputation would be damaged.  (Doc. 11 at 2) The Court finds this argument unavailing.  It is well settled that speculative, conjectural harm does not constitute irreparable injury.   <u>See  Church v. City of Huntsville</u>, 30 F.3d 1332, 1337 (11th Cir.1994) ( "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury" );  <u>SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.</u>, 2007 WL 1941976 (11th Cir., Jul 05, 2007) (slip opinion) citing <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th  Cir.2000). (Irreparable injury "must be neither remote nor speculative, but actual and imminent.") (internal marks omitted).  Moreover, the possibility that adequate compensatory or other corrective relief will be available at a later date weighs heavily against a claim of irreparable harm.  <u>Sampson v. Murray</u>, 415 U.S. 61, 90, 94 S.Ct. 937, 953 (1974).

Plaintiffs next argue that they would face a substantial likelihood that they would be unable to collect upon a judgment in their favor if Holiday Isle has called in the LOC for debts owed to third parties.  (Doc. 11 at 2) Plaintiffs do not elaborate on this statement nor offer any evidence in support. Any suggestion that defendants are or may become unable to satisfy a monetary judgment ordering them to repay that $94,000 to the plaintiffs is speculative at best and does not form a basis for this court to exercise jurisdiction.

In sum the undersigned concludes that plaintiffs have not satisfied their burden of showing a

likelihood of irreparable injury or that the status quo could not be reinstated through a money judgment, in the event plaintiffs succeed in arbitration.  Moreover, there has been no showing that plaintiffs are reasonably likely to sustain any injuries to their credit standing or other non-monetary injuries that might not be redressible via a monetary recovery.  See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir.1990) (If an injury can be "undone through monetary remedies," it is not irreparable.);  BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970 (11th Cir.2005) (stating that "[e]conomic losses alone do not justify a preliminary injunction").  Accordingly, it is hereby **ORDERED** that plaintiffs' motion for a temporary restraining order is **DENIED** as the Court does not have jurisdiction to entertain the motion.[4]

III.   **MOTION TO AMEND**

Plaintiffs also seek leave of Court to amend their complaint to add Regions Bank, the issuer of the letter of credit, as a defendant.  (Doc. 12) Defendants object to motion on the grounds, in sum, that "[t]here is no legal support for this Court to address amendments to pleadings where arbitration has been compelled."  (Id. at 3) In light of the Court's lack of jurisdiction over the requested equitable relief, the Court agrees with defendant.  The motion for leave to amend is **DENIED**.

**DONE** and **ORDERED** this the 7th day of September, 2007.


 S/ Kristi K. DuBose
 **KRISTI K. DuBOSE**
 **UNITED STATES DISTRICT JUDGE**

---

[4]As an obvious aside, if the Court is incorrect about its jurisdiction, the motion is still due to be DENIED based on a lack of irreparable harm.

6